JAMES E. GLAVIN, Respondent, *v.* FRANK FOOTE, Appellant.

Third Department, March 22, 1973.

154

*Lombardi & Reinhard* (*William J. Rodgers* of counsel), for appellant.

*John J. Glavin* for respondent.

*Per Curiam.* This is an appeal from an order of the Supreme Court, entered June 30, 1972 in Essex County, which denied the defendant's motion to vacate a default judgment.

It appears that some time prior to June of 1969 the plaintiff commenced an action against the appellant and his employer alleging that the plaintiff was induced by certain false representations made by the appellant as agent and salesman for Cerone Equipment Co., Inc. to purchase certain machinery from the appellant's employers.

The appellant was never served with a summons or complaint; however, he signed a verified, joint answer with his employer, prepared by his employer's attorney. In November of 1971 the appellant was notified to appear for trial and at that time he advised his employer's attorneys that he had not understood there to be any action against him personally and refused to participate because he did not believe there could be any personal judgment entered against him. Special Term's decision denying the motion to vacate the default judgment agrees with the impression that appellant " was not being sued in an individual capacity but that he was only being sued as an agent of the defendant, Cerone Corp.".

When the matter appeared before the court for trial, the appellant did not personally present himself in court, however, the decision of Special Term herein, being also the Trial Judge pre-

siding at the action in November of 1971, notes that the appellant's attorney moved to sever the action as against the two defendants and that such motion was granted. It further appears from Special Term's decision that after the jury returned a verdict of no cause for action as against the appellant's employer, the plaintiff moved for a default judgment and such was granted, the order and judgment not being entered until some later date.

This motion to vacate a default judgment was brought on and considered by Special Term as being one based upon excusable default and a meritorious defense. Subdivision (e) of CPLR 3215 as applicable hereto, provides as follows: " (e) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316, and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due." In this particular case it would be impossible to file such proof. Jurisdiction over the person of the defendant as required in such a case as this occurs because a defendant has answered. The answer is " equivalent " to personal service (CPLR 320, subd. [b]). Assuming that pursuant to CPLR 320, proof of the service of the answer by the defendant would be equivalent to proof of the service of the summons as required by subdivision (e) of CPLR 3215, it still remains that in the present case there could be no proof of service of the complaint or a notice required by subdivision (b) of CPLR 305. As subdivision (e) of CPLR 3215 is presently worded, it appears that default judgment may not be entered upon a mere showing that jurisdiction over the defendant has been acquired by virtue of an answer served by the defendant. (See, also, 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.20.) Since it does not appear that there was any jurisdiction to enter a default judgment, the judgment must be vacated (*McDermott* v. *Hoenig,* 32 A D 2d 838).

The motion to vacate the default judgment should also have been granted in the interests of justice for the following reasons: That the appellant never having been served with process as an individual was misled as to his possible liability; that the answer interposed was solely by authority of the appellant's employer and the attorneys were acting on its behalf; and that while the court could in its discretion sever the action against the appellant proceeding to a default judgment without notice, to do so under the circumstances was an abuse of discretion (**CPLR 3215, subd. [b]**).

The order should be reversed, on the law and the facts, without costs, and the motion granted.

HERLIHY, P. J., COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Order reversed, on the law and the facts, without costs, and motion granted.